# EXHIBIT 2



CJ19 3811

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL - 9 2019

RICK WARREN
COURT CLERK

00_____

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

JASON DODD, an individual,                    )
                                         )
    Plaintiff,                                )
                                         )
                                       )    Case No. **CJ-2019-3811**
v.                                            )
                                         )
SAFECO INSURANCE COMPANY OF                   )
AMERICA, a foreign insurance company,         )
                                       )    **JURY TRIAL DEMANDED**
    Defendant.                               )    **ATTORNEY LIEN CLAIMED**

## ORIGINAL PETITION

Plaintiff, Jason Dodd ("**Plaintiff**"), by and through his attorneys of record, BROWN & GOULD, PLLC, for his cause of action against Defendant, Safeco Insurance Company of America ("**Defendant**"), alleges and states as follows:

### I.
### PARTIES

1.    Plaintiff is an individual resident of Oklahoma County, Oklahoma.

2.    Defendant is a foreign insurance company authorized to do business in the State of Oklahoma, who may be served with process by and through its mandatory designated agent pursuant to OKLA. STAT. tit. 36, §§ 621-622, Glen Mulready, Oklahoma Insurance Commissioner, Oklahoma Insurance Department, 3625 N. W. 56th Street, Suite 100, Oklahoma City, Oklahoma 73112.

### II.
### JURISDICTION AND VENUE

3.    This Court has general and original jurisdiction over Plaintiff's claims for breach of contract and bad faith.

4.     Venue is proper in Oklahoma County, Oklahoma because it is where Defendant conducts business, where Defendant is subject to personal jurisdiction, and where Defendant has an agent for the service of process.

5.     All conditions precedent to instituting this action have occurred, been performed, were waived, or have otherwise been satisfied.

**III.**
**FACTS GIVING RISE TO THIS CAUSE OF ACTION**

6.     Defendant is in the business of selling automobile insurance to residents of the State of Oklahoma.

7.     Plaintiff is at all relevant times was, an individual resident of Oklahoma County, Oklahoma.

8.     On or about September 29, 2015, Plaintiff purchased a 2015 Ford F150 SuperCrew Pickup Truck, bearing VIN No. 1FTEW1EF9FFB22983 (the "**Covered Auto**") from automobile dealer, Jackie Cooper Ford of Yukon, LLC (the "**Dealer**") for a sales price of $55,594.52, plus a processing fee of $399.00 for a total amount of $55,993.52.

9.     Plaintiff paid $1,500.00 down towards the purchase of the Covered Auto leaving a total of $54,493.52 of the total purchase amount to be financed as follows:

| | |
|---|---|
| Purchase Price of Covered Auto | $  55,594.52 |
| Plus:  Processing Fee | 399.00 |
| Total Purchase Amount | $  55,993.52 |
| Less: Down Payment | (1,500.00) |
| Amount Financed for Purchase of Covered Auto | **$   54,493.52** |

10.     At the time he purchased the Covered Auto, Plaintiff owed $51,000.00 on a loan against his prior automobile, a 2015 Chevrolet Silverado 1500 (the "**Prior Auto**").

11.     The Dealer, however, purchased the Prior Auto from Plaintiff for an amount of $36,000.00, leaving Plaintiff with an outstanding amount of $15,000.00 due and owning on the loan against the Prior Auto as follows:

| | |
|---|---|
| Total Amount Owed on Loan for Prior Auto | $ 51,000.00 |
| Less: Sales Price of Prior Auto | (36,000.00) |
| Remaining Amount Due | **$ 15,000.00** |

12.     Plaintiff carried over the remaining amount of $15,000.00 due on his loan on the Prior Auto into the new loan for the Covered Auto causing the combined new loan amount (the "**Combined Loan**") to be $69,493.52 as follows:

| | Amount | % |
|---|---|---|
| Total Amount Financed for Covered Auto | $ 54,493.52 | 78% |
| Plus:  Carry-Over Amount Owed on Loan for Prior Auto | 15,000.00 | 22% |
| Total Original Combined Loan Amount | **$ 69,493.52** | **100%** |

13.     On or about August 11, 2017, Defendant purchased from Plaintiff an "Oklahoma Essential Personal Auto Policy" bearing form number SA-2890/OKEP 11/16 and policy number Y8653949 (the "**Policy**"), a true and correct copy of which is attached, marked **Exhibit 1**, and made a part hereof.

14.     Pursuant to the coverage terms, conditions and limitations available under Part D of the Policy, Defendant promised, with respect to any collision of the Covered auto, "to pay for direct and accidental loss to your covered auto ... minus any applicable deductible shown in the Declarations."

15.   The Policy further provided Defendant with an additional Auto Loan/Lease Coverage which expressly provides as follows:

**Auto Loan/Lease Coverage**

In the event of a total loss to a vehicle shown in the Declarations for which a specific premium charge indicates that Auto Loan/Lease Coverage applies, we will pay any unpaid amount due on the lease or loan for your covered auto less:

1.   The amount paid under Part D of the policy; and

2.   Any:

    a.   overdue loan/lease payments at the time of loss;

    b.   financial penalties imposed under a lease for excessive use, abnormal wear and tear or high mileage;

    c.   security deposits not refunded by a lessor;

    d.   cost for extended warranties, Credit Life Insurance, Health, Accident or Disability insurance purchased with the loan or lease; or

    e.   carry-over balances from previous loans or leases.

16.   From September 29, 2015 until April 30, 2018, Plaintiff made a total of 26 principal payments on the Combined Loan in the collective amount of $18,751.06.

17.   As of May 1, 2018, the balance due an owing on Plaintiff's Combined Loan was $50,752.46.

18.   On or about April 8, 2018, while all coverages under the Policy were in full force and effect, Plaintiff was involved in a motor vehicle collision which caused the Covered Auto to sustain a "total loss" within the meaning of the Policy's Auto Loan/Lease Coverage.

19.   Plaintiff made a claim for coverage under the terms and conditions of the Policy.

4

20.    Defendant adjusted and paid Plaintiff Part D coverage available under the Policy in the amount of $36,000.00.

21.    Defendant, however, failed and refused to pay Plaintiff any additional amounts for Auto Loan/Lease Coverage under the Policy.

22.    However, pursuant to the terms and conditions of the Auto Loan/Lease Coverage, Defendant was contractually obligated to pay Plaintiff an additional amount of $3,867.69 as follows:

| | | |
|---|---:|---:|
| Total Amount Financed for Covered Auto | $ 54,493.52 | 78% |
| Carry Over Amount on Loan for Prior Auto | 15,000.00 | 22% |
| Total Combined Loan Amount | $ 69,493.52 | 100% |
| Less: Principal Payments (26 payments) | (18,751.06) | |
| Combined Loan Balance at Time of Loss | $ 50,742.46 | |
| Less: Part D Coverage | (36,000.00) | |
| Less: Carry Over Balance Due on Prior Loan [ $15,000.00 - ($18,751.06 x 22%) ] | (10,874.77) | |
| Total Auto Loan/Lease Coverage | **$ 3,867.69** | |

23.    As a result of Defendant's breach of contract, Plaintiff has been injured and damaged and is entitled to recover those damages from Defendant.

24.    Defendant's refusal to pay Plaintiff the amounts due and owing under the Policy for Auto Loan/Lease Coverage was unreasonable and constitutes bad faith.

25.    Defendant knowingly and intentionally handled Plaintiff's insurance claim as a matter of routine business practice in handling like claims under like policies.

26.    Defendant breached its duty to deal fairly and act in good faith towards Plaintiff by:

a.    failing and refusing coverage and other policy benefits owed to Plaintiff at a time when Defendant knew that Plaintiff was entitled to those benefits;

b.    failing to properly investigate Plaintiff's claim and to obtain additional information in connection with the claim;

c.    withholding payment of benefits even though Defendant knew Plaintiff's claim for those benefits was valid;

d.    refusing to honor Plaintiff's claim for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;

e.    refusing to honor Plaintiff's claim in some instances by applying restrictions not contained in the Policy;

f.    refusing to honor Plaintiff's claim by knowingly misconstruing and misapplying provisions, terms and/or definitions of the subject Policy;

g.    failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the Policy;

h.    not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

i.    forcing Plaintiff, pursuant to Defendant's claims practice, to retain counsel in order to secure benefits Defendant knew were payable; and

j.    failing to properly evaluate any investigation that was performed.

27.    As a proximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has suffered aggregate damages and other loss in the form of policy benefits, mental and emotional distress, financial hardship, attorney expenses and other incidental damages in excess of $75,0000.00.

28.    Defendant has acted intentionally and with malice towards others or has been guilty of reckless disregard for the rights of others, entitling Plaintiff to punitive damages in excess of $75,000.00.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for the following relief:

a.    Compensatory damages against Safeco Insurance Company of America in excess of $75,000.0,0 including but not limited to unpaid coverage losses and contractual interest on benefits owed;

b.    Emotional distress damages in excess of $75,000.00;

c.    Punitive damages in excess of $75,000.00;

d.    Prejudgment and post-judgment interest on all damages;

e.    Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

f.    All further relief as the Court deems appropriate under the circumstances presented.

## V.
## JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this case.

Respectfully submitted,

Tony Gould, OBA #18564
BROWN & GOULD, PLLC
136 N.W. 10th Street, Ste. 200
Oklahoma City, Oklahoma 73103
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
Email: tgould@browngouldlaw.com
*Attorney for Plaintiff*

7

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

 **Safeco** Insurance™
A Liberty Mutual Company

PREMIER INS LLC
OKLAHOMA AGENTS ALLIANCE LLC
1433 NW 150TH ST
EDMOND        OK  73013-1305

August 10, 2017

Policy Number:  Y8653949
24-Hour Claims:  1-800-332-3226
Policy Service:  1-405-285-4040
Online Account Services:  www.safeco.com

**THIS IS NOT A BILL.**
**IDENTIFICATION  CARDS ENCLOSED**

JASON DODD
KELLY DODD
15524 WOOD CREEK LN
EDMOND OK 73013-9706

Welcome to Safeco]

We believe insurance shouldn't be any more complex than it has to be.  Welcome to an easier experience with Safeco.

Enclosed is your new automobile policy.   Read it through carefully.   It will give you a detailed description of the type and amount of your coverage, any deductibles (your out-of-pocket costs) that apply and the effective date of your policy.   If, after reading your policy, you have any questions or want to find out about discounts that may apply to your policy, please call 1-405-285-4040.

The premium for your policy is $3,971.10 for the August 11, 2017 to August 11, 2018 policy term. When you receive your billing statement, please review it carefully for the amount and date of your next payment.   Please also verify that your requested payment method is correct.

For added convenience, visit www.safeco.com and make use of our automated services available to you including, but not limited to:

- Make a payment by online check, or credit card.
- Review your billing history.
- Change your billing due date.
- View your policy documents.
- Order a copy of your policy and/or insurance ID cards.
- Report to us a name change, or change of address.
- Review Safeco's Producer Compensation Disclosure.

For all other assistance please call your agent at 1-405-285-4040.

Thank you for your business.   We look forward to serving you.

PLEASE SEE REVERSE
**SAFECO INSURANCE COMPANY OF AMERICA**

**EXHIBIT**
**1**

OC-429/EP 10/13

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

Sincerely,

Matthew D. Nickerson
President, Safeco Insurance

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****



**A Liberty Mutual Company**

## Consumer Privacy Statement

Safeco appreciates the trust you place in us when you purchase insurance from one of our companies. We are committed to protecting your nonpublic personal information ("personal information") and we value you as a customer.

To learn more about how Safeco collects and uses your personal information, please read the following notice.

### Safeco's sources of information about you

We collect personal information about you from different sources, including:

- The information you provide on applications or other forms (such as your name, address and Social Security number);
- Your transactions with us, our affiliates or others (such as your payment history and claims information);
- The information we receive from a consumer reporting agency or insurance support organization (such as your credit history, driving record or claims history); and
- Your independent insurance producer (such as updated information pertaining to your account).

### Safeco's use of your personal information

We only disclose personal information about our customers and former customers as permitted by law. Generally, this includes sharing it with third parties to administer your transactions with us, service your insurance policy or claim, detect and prevent fraud, or with your authorization. These third parties may include independent insurance producers authorized to sell Safeco insurance products, independent contractors (such as automobile repair facilities and property inspectors), independent claims representatives, insurance support organizations, other insurers, auditors, attorneys, courts and government agencies. We may also disclose your personal information to other financial institutions with whom we have joint marketing agreements. When we disclose your information to these individuals or organizations, we require them to use it only for the reasons we gave it to them.

We may also share information about our transactions (such as payment history and products purchased) and experiences with you (such as claims made) within our Safeco family of companies.

Safeco does not sell your personal information to others and we do not provide your information to third parties for their own marketing purposes.

### Independent Safeco Insurance Agents

The independent insurance agents authorized to sell Safeco products are not Safeco employees and not subject to Safeco's Privacy Policy. Because they have a unique business relationship with you, they may have additional personal information about you that Safeco does not have. They may use this information differently than Safeco. Contact your Safeco distributor to learn more about their privacy practices.

### Information about Safeco's web site

If you have internet access and want more information about our web site specific privacy and security practices, click on the Privacy Policy link on www.safeco.com.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

**Protecting your personal information from unauthorized access**

We maintain physical, electronic and procedural safeguards to protect your personal information. Our employees are authorized to access customer information only for legitimate business purposes.

**State Privacy Laws**

This privacy statement may be supplemented by privacy laws in your state. We will protect your information in accordance with state law.

**This Privacy Statement applies to the following members of the Safeco family of companies:**

**American Economy Insurance Company**
**American States Insurance Company**
**American States Insurance Company of Texas**
**American States Lloyds Insurance Company**
**American States Preferred Insurance Company**
**First National Insurance Company of America**
**General Insurance Company of America**
**Insurance Company of Illinois**
**Liberty County Mutual Insurance Company**
**Safeco Insurance Company of America**
**Safeco Insurance Company of Illinois**
**Safeco Insurance Company of Indiana**
**Safeco Insurance Company of Oregon**
**Safeco Lloyds Insurance Company**
**Safeco National Insurance Company**
**Safeco Surplus Lines Insurance Company**

© 2011 Safeco Insurance Company of America, Member of Liberty Mutual Group. All Rights Reserved.

OC-701/EP 3/16

**** REPRINTED FROM THE ARCHIVE.  THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

## KEEP THIS NOTICE WITH YOUR INSURANCE PAPERS

The following notice is required by Oklahoma law:

WARNING: Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy, containing any false, incomplete or misleading information, is guilty of a felony.

CN-0008/OKEP  12/93
G1

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****


**Safeco Insurance**™
A Liberty Mutual Company

**POLICY NUMBER:** Y8653949

# SAFECO INSURANCE COMPANY OF AMERICA
# AUTOMOBILE POLICY DECLARATIONS

**NAMED INSURED:**
JASON DODD
KELLY DODD
15524 WOOD CREEK LN
EDMOND OK  73013-9706

**POLICY PERIOD FROM:** AUG. 11 2017
**TO:** AUG. 11 2018

at 12:01 A.M. standard time at
the address of the insured as
stated herein.

**AGENT:**
PREMIER INS LLC
OKLAHOMA AGENTS ALLIANCE LLC
1433 NW 150TH ST
EDMOND       OK   73013-1305

**AGENT TELEPHONE:**
1-405-285-4040

| RATED DRIVERS | JASON DODD, KELLY DODD | | | |
|---|---|---|---|---|
| **2016 HYUNDAI** | AZERA LIMITED | 4 DOOR SEDAN | | ID# KMHFH4JG0GA518678 |
| **2017 NISSAN**<br>LOSS PAYEE | ARMADA PLATINUM<br>NISSAN MOTOR ACCEPTANCE | 4 DOOR | | ID# JN8AY2NE3H9703052 |

**Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.**

| COVERAGES | 2016 HYUN LIMITS | PREMIUMS | 2017 NISS LIMITS | PREMIUMS |
|---|---|---|---|---|
| **LIABILITY:**<br>BODILY INJURY | $50,000<br>Each Person<br>$100,000<br>Each Occurrence | $  137.50 | $50,000<br>Each Person<br>$100,000<br>Each Occurrence | $  169.60 |
| PROPERTY DAMAGE | $50,000<br>Each Occurrence | 159.40 | $50,000<br>Each Occurrence | 197.20 |
| **MEDICAL PAYMENTS** | $1,000 | 21.00 | $1,000 | 26.40 |
| **COMPREHENSIVE** | Actual Cash Value<br>Less $1000 Deductible<br>Full Safety Glass | 234.10 | Actual Cash Value<br>Less $1000 Deductible<br>Full Safety Glass | 314.10 |
| **COLLISION** | Actual Cash Value<br>Less $1000 Deductible | 388.00 | Actual Cash Value<br>Less $1000 Deductible | 532.90 |
| **ADDITIONAL COVERAGES:**<br>LOSS OF USE<br>AUTO LOAN/LEASE | $22 Per Day/$660 Max | 14.50<br>18.60 | $22 Per Day/$660 Max | 19.30<br>25.40 |
| | | ---------- | | ---------- |
| | TOTAL $ | 973.10 | TOTAL $ 1,284.90 | |

You may pay your premium in full or in installments.  There is no installment fee
for the following billing plans:  Full Pay.  Installment fees for all other billing
plans are listed below.  If more than one policy is billed on the installment bill,
only the highest fee is charged.  The fee is:
  $2.00 per installment for recurring automatic deduction (EFT)
  $5.00 per installment for recurring credit card or debit card
  $5.00 per installment for all other payment methods

-CONTINUED-
P O BOX 515097, LOS ANGELES, CA 90051

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

 **Safeco** Insurance™
A Liberty Mutual Company

**POLICY NUMBER:** Y8653949

## SAFECO INSURANCE COMPANY OF AMERICA
## AUTOMOBILE POLICY DECLARATIONS
### (CONTINUED)

**NAMED INSURED:**
JASON DODD
KELLY DODD
15524 WOOD CREEK LN
EDMOND OK  73013-9706

**POLICY PERIOD FROM:**  AUG. 11 2017
**TO:**  AUG. 11 2018
at 12:01 A.M. standard time at
the address of the insured as
stated herein.

**AGENT:**
PREMIER INS LLC
OKLAHOMA AGENTS ALLIANCE LLC
1433 NW 150TH ST
EDMOND        OK   73013-1305

**AGENT TELEPHONE:**
1-405-285-4040

| RATED DRIVERS | JASON DODD, KELLY DODD |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| **2015 FORD**<br>LOSS PAYEE | F150 SUPERCREW   4 DOOR PICK-UP<br>FORD MOTOR CREDIT | | ID# 1FTEW1EF9FFB22983 |
| **2000 ITASCA**<br>LOSS PAYEE | SUNCRUISER 35B    MHOME-CL A<br>TINKER FEDERAL CREDIT UNION | | ID# 4UZHXFBC0YCF88578 |

**Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.**

| COVERAGES | 2015 FORD LIMITS | PREMIUMS | 2000 MHOM LIMITS | PREMIUMS |
| --- | --- | --- | --- | --- |
| **LIABILITY:**<br>BODILY INJURY | $50,000<br>Each Person<br>$100,000<br>Each Occurrence | $  158.50 | $50,000<br>Each Person<br>$100,000<br>Each Occurrence | $   48.90 |
| PROPERTY DAMAGE | $50,000<br>Each Occurrence | 214.00 | $50,000<br>Each Occurrence | 32.90 |
| **MEDICAL PAYMENTS** | $1,000 | 14.30 | $1,000 | 8.00 |
| **COMPREHENSIVE** | Actual Cash Value<br>Less $1000 Deductible<br>Full Safety Glass | 275.70 | Actual Cash Value<br>Less $1000 Deductible<br>Full Safety Glass | 466.50 |
| **COLLISION** | Actual Cash Value<br>Less $1000 Deductible | 370.20 | Actual Cash Value<br>Less $1000 Deductible | 109.00 |
| **ADDITIONAL COVERAGES:**<br>LOSS OF USE | $22 Per Day/$660 Max | 15.10 | | |
| **VACATION LIABILITY** | | | $10,000 | INCLUDED |
| | | ----------<br>TOTAL $ 1,047.80 | | ----------<br>TOTAL $   665.30 |

TOTAL EACH VEHICLE:

| | |
| --- | --- |
| 2016 HYUN | $   973.10 |
| 2017 NISS | 1,284.90 |
| 2015 FORD | 1,047.80 |
| 2000 MHOM | 665.30 |

| **PREMIUM SUMMARY** | | **PREMIUM** |
| --- | --- | --- |
| VEHICLE COVERAGES | | $ 3,971.10 |
| DISCOUNTS & SAFECO SAFETY REWARDS | **You saved $1,467.43** | Included |
| | | ---------- |
| **TOTAL 12 MONTH PREMIUM FOR ALL VEHICLES** ................................. | | **$ 3,971.10** |

-CONTINUED-
P O BOX 515097, LOS ANGELES, CA 90051

SA-1697/EP  9/90
G15

Page 2 of 3

DATE PREPARED:  AUG. 10 2017

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

 **Safeco** Insurance™
A Liberty Mutual Company

**POLICY NUMBER:** Y8653949

## SAFECO INSURANCE COMPANY OF AMERICA
## AUTOMOBILE POLICY DECLARATIONS
(CONTINUED)

You may pay your premium in full or in installments.  There is no installment fee
for the following billing plans:  Full Pay.  Installment fees for all other billing
plans are listed below.  If more than one policy is billed on the installment bill,
only the highest fee is charged.  The fee is:
    $2.00 per installment for recurring automatic deduction (EFT)
    $5.00 per installment for recurring credit card or debit card
    $5.00 per installment for all other payment methods

YOU SAVED $1,467.43 BY QUALIFYING FOR THE FOLLOWING DISCOUNTS:
    Anti-Theft
    Advance Quoting
    Low Mileage
    Violation Free
    Coverage
    Homeowners
    Multi-Car
    RightTrack (R)
    Preferred Payment Method

YOU HAVE REJECTED UNINSURED/UNDERINSURED MOTORISTS COVERAGE.

POLICY FORMS APPLICABLE TO THIS POLICY:
SA-1697/EP 9/90, SA-2890/OKEP 11/16, SA-1701/EP 9/90, SA-2885/EP 6/14,
SA-1914/EP 2/93, SA-877/EP 7/09, SA-1700/EP 7/09

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

**Safeco Insurance**™
A Liberty Mutual Company

**POLICY NUMBER:** Y8653949

## LEASED AUTO — LESSOR'S INTEREST

**AGENT:**

PREMIER INS LLC
OKLAHOMA AGENTS ALLIANCE LLC
1433 NW 150TH ST
EDMOND        OK   73013-1305

**AGENT TELEPHONE:** 1-405-285-4040

**INSURED:**

JASON DODD
KELLY DODD

**DESCRIBED VEHICLE:**
2016 HYUNDAI

**IDENTIFICATION NUMBER:**
KMHFH4JG0GA518678

HYUNDAI MOTOR FINANCE
PO BOX 650805
DALLAS TX  75265-0805

**← LESSOR**

**TYPE OF INTEREST:**
LESSOR'S INTEREST

**EFFECTIVE DATE:**
AUG. 11 2017

## LEASED AUTO — LESSOR'S INTEREST

With respect only to your acts or omissions, and only with respect to an auto leased from the lessor named above, the lessor is included as an **insured**. Insurance does not apply to the lessor, however, while the lessor is driving or has assumed control of the leased auto.

The Declarations outlines the coverages purchased by our **insured** for the described vehicle.

If you have any questions, please contact the insurance agent shown above.

---

**TO THE LESSOR:**

This policy will be extended automatically for each policy term shown on the Declarations on payment of the premium when due.

You will be notified if the policy is canceled. Your interest is fully protected until you receive notice and for a period of 10 days thereafter. Proof of mailing any notice shall be sufficient proof of notice.

---

**SAFECO INSURANCE COMPANY OF AMERICA**

INSURED'S COPY

SA-877/EP 7/09
G2

DATE PREPARED:  AUG. 10 2017

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

 **Safeco Insurance**™
A Liberty Mutual Company

**POLICY NUMBER:** Y8653949

## LOSS PAYEE ENDORSEMENT

**AGENT:**

PREMIER INS LLC
OKLAHOMA AGENTS ALLIANCE LLC
1433 NW 150TH ST
EDMOND          OK   73013-1305

**AGENT TELEPHONE:** 1-405-285-4040

NISSAN MOTOR ACCEPTANCE
PO BOX 660360
DALLAS TX  75266-0360

**INSURED:**

JASON DODD
KELLY DODD

**DESCRIBED VEHICLE:**
2017 NISSAN

**IDENTIFICATION NUMBER:**
JN8AY2NE3H9703052

**← LOSS PAYEE**

**EFFECTIVE DATE:**
AUG. 11 2017

The Declarations outlines the coverages purchased by our **insured** for the described vehicle.

If you have any questions, please contact the insurance agent shown above.

**TO THE LOSS PAYEE:**

This policy will be extended automatically for each policy term shown on the Declarations on payment of the premium when due.

You will be notified if the policy is canceled. Your interest is fully protected until you receive notice and for a period of  10 days thereafter.

**SAFECO INSURANCE COMPANY OF AMERICA**

SA-1700/EP 7/09
G1

INSURED'S COPY

DATE PREPARED:  AUG. 10 2017

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

## Safeco Insurance™

A Liberty Mutual Company

**POLICY NUMBER:** Y8653949

# LOSS PAYEE ENDORSEMENT

**AGENT:**

PREMIER INS LLC
OKLAHOMA AGENTS ALLIANCE LLC
1433 NW 150TH ST
EDMOND          OK   73013-1305

**AGENT TELEPHONE:** 1-405-285-4040

**INSURED:**

JASON DODD
KELLY DODD

**DESCRIBED VEHICLE:**
2015 FORD

**IDENTIFICATION NUMBER:**
1FTEW1EF9FFB22983

← **LOSS PAYEE**

FORD MOTOR CREDIT
PO BOX 390910
MINNEAPOLIS MN  55439-0910

**EFFECTIVE DATE:**
AUG. 11 2017

The Declarations outlines the coverages purchased by our **insured** for the described vehicle.

If you have any questions, please contact the insurance agent shown above.

---

**TO THE LOSS PAYEE:**

This policy will be extended automatically for each policy term shown on the Declarations on payment of the premium when due.

You will be notified if the policy is canceled. Your interest is fully protected until you receive notice and for a period of 10 days thereafter.

---

**SAFECO INSURANCE COMPANY OF AMERICA**

SA-1700/EP 7/09
G1

INSURED'S COPY

DATE PREPARED:  AUG. 10 2017

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

**Safeco Insurance**™

A Liberty Mutual Company

**POLICY NUMBER:** Y8653949

## LOSS PAYEE ENDORSEMENT

**AGENT:**

PREMIER INS LLC
OKLAHOMA AGENTS ALLIANCE LLC
1433 NW 150TH ST
EDMOND        OK    73013-1305

**AGENT TELEPHONE:** 1-405-285-4040

TINKER FEDERAL CREDIT UNION
PO BOX 45750
OKLAHOMA CITY OK  73145-0750

**INSURED:**

JASON DODD
KELLY DODD

**DESCRIBED VEHICLE:**
2000 MOTOR HOME

**IDENTIFICATION NUMBER:**
4UZHXFBC0YCF88578

← **LOSS PAYEE**

**EFFECTIVE DATE:**
AUG. 11 2017

The Declarations outlines the coverages purchased by our **insured** for the described vehicle.

If you have any questions, please contact the insurance agent shown above.

---

**TO THE LOSS PAYEE:**

This policy will be extended automatically for each policy term shown on the Declarations on payment of the premium when due.

You will be notified if the policy is canceled. Your interest is fully protected until you receive notice and for a period of  10 days thereafter.

---

**SAFECO INSURANCE COMPANY OF AMERICA**

SA-1700/EP 7/09
G1

INSURED'S COPY

DATE PREPARED:  AUG. 10 2017

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****



A Liberty Mutual Company

# OKLAHOMA ESSENTIAL PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
Home Office: 62 Maple Avenue, Keene, NH 03431

(A stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 3 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 7 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART C — UNINSURED MOTORISTS COVERAGE** | 9 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 12 |
| Insuring Agreement | |
| Deductible | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 17 |
| **PART F — GENERAL PROVISIONS** | 18 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |

SA-2890/OKEP 11/16

**** REPRINTED FROM THE ARCHIVE.  THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

**ADDITIONAL COVERAGES**                                                      21
> Roadside Assistance Coverage
> Loss of Use Coverage
> Full Safety Glass Coverage
> Auto Loan/Lease

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

## AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

## DEFINITIONS

**A.**   Throughout this policy, "you" and "your" refer to:

1.   The "named insured" shown in the Declarations;

2.   The spouse if a resident of the same household;

3.   The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

4.   The **domestic partner**, if a resident of the same household;

   **"Domestic partner"** means a person living as a continuing partner with you and:

   (a)   is at least 18 years of age and competent to contract;

   (b)   is not a relative; and

   (c)   shares with you the responsibility for each other's welfare, evidence of which includes:

      (1)   the sharing in domestic responsibilities for the maintenance of the household; or

      (2)   having joint financial obligations, resources, or assets; or

      (3)   one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

   **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

**B.**   "We", "us" and "our" refer to the Company, as shown on the Declarations providing this insurance.

**C.**   For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

1.   Under a written agreement to that person; and

2.   For a continuous period of at least six months.

**D.**   Throughout the policy, **"minimum limits"** refers to the following limits of liability required by Oklahoma law to be provided under a policy of automobile liability insurance:

1.   $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury**;

2.   $25,000 for each accident with respect to **property damage**; or

Other words and phrases are defined. They are in bold type when used.

**E.**   **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

**F.**   **"Business"** includes trade, profession or occupation.

**G.**   **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**H.**   **"Fungi"** means any type or form of fungus, including yeast, mold or mildew, blight or mushroom and any mycotoxins, spore, scents or other substances, products or byproducts produced, released by or arising out of **fungi**, including growth, proliferation or spread of **fungi** or the current or past presence of **fungi**. However, this definition does not include any **fungi** intended by the **insured** for consumption.

**I.**   **"Occupying"** means in; upon; or getting in, on, out or off.

**J.**   **"Property damage"** means physical injury or destruction of tangible property including loss of use.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

**K.** **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage**.

**L.** **"Trailer"** means a vehicle designed to be pulled by a:

**1.** Private passenger auto; or

**2.** Pickup, van or motorhome.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **L.1.** or **L.2.** above.

**M.** **"Transportation network platform"** means an online-enabled application or digital network used to connect passengers with drivers using vehicles for the purpose of providing prearranged transportation services for compensation.

**N.** **"Your covered auto"** means:

**1.** Any vehicle shown in the Declarations.

**2. a.** Any newly acquired vehicle, whether operational or not, on the date you become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **N.2.b.** below. Any newly acquired vehicle must be of the following types:

    **(1)** a private passenger auto;

    **(2)** a pickup or van that:

        **(a)** has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

        **(b)** is not used for the delivery or transportation of goods and materials unless such use is:

            **i.** incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

            **ii.** for farming or ranching; or

    **(3)** a motorhome or **trailer**.

  **b.** A newly acquired vehicle is subject to the following conditions:

    **(1)** **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement vehicle.

    Part **D** — Coverage for Damage to Your Auto, the replacement vehicle shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D** — Coverage for Damage to Your Auto to continue.

    **(2)** **Newly Acquired Additional Vehicle.** For any newly acquired vehicle that is in addition to any shown in the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations. This coverage applies only if:

        **(a)** you acquire the additional vehicle during the policy period shown on the Declarations; and

        **(b)** there is no other insurance policy that provides coverage for the additional vehicle.

    If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the additional vehicle.

    **(3)** Collision Coverage for a newly acquired vehicle begins on the date that you acquire the vehicle. However, if the Declarations does not indicate that Collision Coverage applies to at least one vehicle, you must ask us to insure the newly acquired vehicle within four (4) days

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

after you acquire it. If a loss occurs during the four (4) days after you acquire the vehicle but before you asked us to insure the newly acquired vehicle, a $500 collision deductible will apply.

**(4)** Comprehensive Coverage for a newly acquired vehicle begins on the date that you acquire the vehicle. However, if the Declarations does not indicate that Comprehensive Coverage applies to at least one vehicle, you must ask us to insure the newly acquired vehicle within four (4) days after you acquire it. If a loss occurs during the four (4) days after you acquire the vehicle but before you asked us to insure the newly acquired vehicle, a $500 comprehensive deductible will apply.

**3.** Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   **a.** breakdown;

   **b.** repair;

   **c.** servicing;

   **d.** loss; or

   **e.** destruction.

This provision **(N.3.)** does not apply to Coverage for Damage to Your Auto.

---

## PART A — LIABILITY COVERAGE

**INSURING AGREEMENT**

**A.** Liability Insurance is provided in this policy in accordance with coverage required by the Compulsory Insurance Law of Oklahoma.

**B.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**C.** "**Insured**" as used in this Part means:

   **1.** You or any **family member** for the ownership, maintenance or use of any auto or **trailer**.

   **2.** Any person using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

   **3.** For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **C.1.** and **C.2.** above.

   **4.** For any auto or **trailer**, other than **your covered auto**, any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision **(C.4.)** applies only if the person or organization does not own or hire the auto or **trailer**.

**INTEREST ON JUDGMENTS**

We will pay interest on judgments subject to all of the following:

   **1.** Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

   **2.** We accept the defense or agree to the judgment.

   **3.** We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

   **4.** We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

   **5.** If we appeal the judgment, we will pay interest on the entire judgment.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

6. Post-judgment interest is in addition to the applicable limit of liability.

7. Where we are required to cover prejudgment interest, it shall be included in the limit of liability and is not an additional amount of insurance.

## SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured**:

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Up to $200 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

4. Other reasonable expenses incurred at our request.

5. All expenses incurred by an **insured** for first aid to others at the time of the accident, not to exceed $10,000.

## EXCLUSIONS

A. We do not provide Liability Coverage for:

1. Any **insured** who intentionally causes **bodily injury** or **property damage** even if such **bodily injury** or **property damage** is of a different kind or degree than expected or intended, or such **bodily injury** or **property damage** is sustained by a different person or persons than expected or intended.

2. **Property damage** to property owned or being transported by any **insured**.

3. **Property damage** to property:

   a. rented to;

   b. used by; or

   c. in the care of;

   any **insured**.

   This exclusion **(A.3.)** does not apply to **property damage** to a residence or private garage.

4. **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion **(A.4.)** does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This includes but is not limited to any period of time while it is being used by any person who is logged into a **transportation network platform** as a driver, whether or not a passenger is **occupying** the vehicle. This exclusion **(A.5.)** does not apply to a share-the-expense car pool.

6. Any **insured** using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business**.

7. a. Any **insured** while employed or otherwise engaged in the **business** of:

   (1) selling;

   (2) repairing;

   (3) servicing;

   (4) storing; or

   (5) parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

    **b.** This exclusion **(A.7.)** does not apply to the ownership, maintenance or use of **your covered auto** by:

        **(1)** you;

        **(2)** any **family member**; or

        **(3)** any partner, agent or employee of you or any **family member**.

**8.** Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusions **A.6.** or **A.7.** This exclusion **(A.8.)** does not apply to the maintenance or use of a:

    **a.** private passenger auto;

    **b.** pickup, motorhome or van that:

        **(1)** you own; or

        **(2)** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

            **(a)** breakdown;

            **(b)** repair;

            **(c)** servicing;

            **(d)** loss; or

            **(e)** destruction; or

    **c.** **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

**9.** Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to a **family member** using **your covered auto**.

**10.** **a.** **Bodily injury** or **property damage** for which any **insured**:

        **(1)** is an insured under a nuclear energy liability policy; or

        **(2)** would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

    **b.** A nuclear energy liability policy is a policy issued by any of the following or their successors:

        **(1)** Nuclear Energy Liability Insurance Association;

        **(2)** Mutual Atomic Energy Liability Underwriters; or

        **(3)** Nuclear Insurance Association of Canada.

**11.** **Punitive or exemplary damages** awarded against any **insured**.

**12.** **Bodily injury** to you or any **family member** to the extent that the limits of liability for this coverage exceed the **minimum limits** of liability required by the Compulsory Insurance Law of Oklahoma.

**13.** **Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member**.

**14.** **Bodily injury** or **property damage** arising out of a criminal act or omission of the **insured**. This exclusion applies regardless of whether that **insured** is actually charged with, or convicted of, a crime. However, this exclusion **(14.)** does not apply to traffic violations.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

    **1.** **a.** Any vehicle which:

        **(1)** has fewer than four wheels;

        **(2)** is designed mainly for use off public roads; or

        **(3)** is a vehicle not licensed for use on public roads.

    **b.**  This exclusion does not apply:

        **(1)**  while such vehicle is being used by an **insured** in a medical emergency; or

        **(2)**  to any **trailer**.

**2.**  Any vehicle, other than **your covered auto**, which is:

    **a.**  owned by you; or

    **b.**  furnished or available for your regular use.

**3.**  **a.**  Any vehicle, other than **your covered auto**, which is:

        **(1)**  owned by any **family member** or other person who resides with you; or

        **(2)**  furnished or available for the regular use of any **family member** or other person who resides with you.

    **b.**  However, this exclusion **(B.3.)** does not apply to you while you are maintaining or **occupying** any vehicle which is:

        **(1)**  owned by a **family member** or other person who resides with you; or

        **(2)**  furnished or available for the regular use of a **family member** or other person who resides with you.

**4.**  Any vehicle while it is:

    **a.**  operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    **b.**  participating in a high performance driving or racing instruction course or school; or

    **c.**  preparing for, practicing for, used in, or competing in any prearranged or organized:

        **(1)**  race activity; or

        **(2)**  speed, performance, stunt, or demolition contest or exhibition.

## LIMIT OF LIABILITY

**A.**  If the Declarations indicates "per person"/"per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

**1.**  **Insureds**;

**2.**  Claims made;

**3.**  Vehicles or premiums shown in the Declarations; or

**4.**  Vehicles involved in the auto accident.

**B.**  If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

**1.**  **Insureds**;

**2.**  Claims made;

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **B** or Part **C** of this policy.

However, this provision does not apply to you or any **family member** with respect to payments for the same elements of loss under this coverage and Part **B** of this policy.

**D.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer**.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum limits and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

## OTHER INSURANCE

If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance.

However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance unless such vehicle is owned by someone who is an authorized motor vehicle dealer. If this occurs and the accident arises out of the operation of such vehicle by you or a **family member** who is neither the owner nor an employee of the owner of such vehicle, we will provide primary insurance, provided:

1. The person operating the vehicle has a reasonable belief that that person has permission to do so; and

2. The change in financial responsibility is evidenced by a release signed by the person operating the vehicle; and

3. No fee or lease charge has been made by the dealer for the use of the vehicle.

---

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

**A.** We will pay **usual and customary charges** incurred for reasonable and necessary medical and funeral expenses because of **bodily injury**:

1. Caused by accident; and

2. Sustained by an **insured**.

We will pay only those expenses incurred for services rendered within three (3) years from the date of the accident.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

We have a right to review medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

**B.**   "**Insured**" as used in this Part means:

    **1.**   You or any **family member**:

        **a.**   while **occupying**; or

        **b.**   as a pedestrian or bicyclist when struck by;

        a motor vehicle designed for use mainly on public roads or a trailer of any type.

    **2.**   Any other person while **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **3.**   Any other person while **occupying**, as a guest, an automobile not owned by you or a **family member**, while being operated by you or a **family member**.

**C.**   "**Usual and customary charges**" as used in this Part mean:

Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we may consider outside sources of information of our choice, including, but not limited to:

    **1.**   Licensed, certified or registered health care professionals;

    **2.**   Medical examinations;

    **3.**   Medical file reviews;

    **4.**   Medical bill review services; or

    **5.**   Computerized data bases.

The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury**:

    **1.**   Sustained while **occupying** any motorized vehicle having fewer than four wheels.

    **2.**   Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This includes but is not limited to any period of time while it is being used by any person who is logged into a **transportation network platform** as a driver, whether or not a passenger is **occupying** the vehicle. This exclusion (**2.**) does not apply to a share-the-expense car pool.

    **3.**   Sustained while **occupying** any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business**.

    **4.**   Sustained while **occupying** any vehicle located for use as a residence or premises.

    **5.**   Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury**.

    **6.**   Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:

        **a.**   owned by you; or

        **b.**   furnished or available for your regular use.

    **7.**   Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:

        **a.**   owned by any **family member** or other person who resides with you; or

        **b.**   furnished or available for the regular use of any **family member** or other person who resides with you.

    However, this exclusion (**7.**) does not apply to you.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

8. Sustained while **occupying** a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However this exclusion does not apply to a **family member** using **your covered auto**.

9. Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured**. This exclusion **(9.)** does not apply to **bodily injury** sustained while **occupying** a:

   a. private passenger auto;

   b. pickup, van or motorhome that you own; or

   c. **trailer** used with a vehicle described in **a.** or **b.** above.

10. Caused by or as a consequence of:

    a. discharge of a nuclear weapon (even if accidental);

    b. war (declared or undeclared);

    c. civil war;

    d. insurrection; or

    e. rebellion or revolution.

11. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

    a. nuclear reaction;

    b. radiation; or

    c. radioactive contamination.

12. Sustained while **occupying** any vehicle while it is:

    a. operating on a racing surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    b. participating in a high performance driving or racing instruction course or school; or

    c. preparing for, practicing for, used in, or competing in any prearranged or organized:

       (1) race activity; or

       (2) speed, performance, stunt, or demolition contest or exhibition.

13. Caused by the actual, alleged or threatened presence, growth, proliferation or spread of **fungi** or bacteria.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. **Insureds**;

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **C** of this policy.

   However, this paragraph **(B.)** does not apply to you or any **family member**.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance available any insurance we provide shall be excess over any other applicable auto medical payments insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible auto medical payments insurance.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

## PART C — UNINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:

    **1.** Sustained by that **insured**; and

    **2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

Any judgment for damages arising out of a suit brought by an **insured** against an uninsured motorist is not binding on us unless the **insured** has given us adequate notice of the filing and pendency of the action.

**B.** "**Insured**" as used in this Part means:

    **1.** You or any **family member**.

    **2.** Any Rated Driver shown on the Declarations other than you or a **family member**.

    **3.** Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **4.** Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.**, **B.2.** or **B.3.** above.

**C.** "**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

    **1.** To which no bodily injury liability bond or policy applies at the time of the accident.

    **2.** To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the amount of the claim of the person or persons making such claim, regardless of the amount of coverage of either of the parties in relation to each other.

    **3.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which causes an accident resulting in **bodily injury** to an **insured**.

    **4.** To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

        **a.** denies coverage; or

        **b.** is or becomes insolvent.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

    **1.** Owned by you or furnished or available for your regular use unless a bodily injury liability bond or policy applies to that vehicle at the time of the accident but its limit for bodily injury liability is less than the amount of the claim of the person or persons making such claim.

    **2.** Owned by or furnished or available for the regular use of you, any **family member** or any other rated driver listed in the Declarations unless it is a vehicle to which Part **A** of the policy applies and Liability Coverage is excluded for damages sustained in the accident.

    **3.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

    **4.** Operated on rails or crawler treads.

    **5.** Designed mainly for use off public roads while not on public roads.

    **6.** While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured** while using a vehicle without the express or implied permission of the owner or other person having lawful possession, or

using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you, any **family member** or any other rated driver listed in the Declarations using **your covered auto**.

**B.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

**1.** Workers compensation law; or

**2.** Disability benefits law.

**C.** We do not provide Uninsured Motorists Coverage for **punitive or exemplary damages**.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

**1.** **Insureds**;

**2.** Claims made;

**3.** Vehicles shown in the Declarations; or

**4.** Vehicles involved in the accident.

**B.** If the Declarations indicate Combined Single Limit Coverage applies, paragraph **(A.)** above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident. This is the most we will pay regardless of the number of:

**1.** **Insureds**;

**2.** Claims made;

**3.** Vehicles shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for **bodily injury** liability. However, this provision will not change our total limit of liability.

**C.** With respect to coverage provided under Paragraph **2.** of the definition of "uninsured motor vehicle", any payment made by or on behalf of the owner or operator of the "uninsured motor vehicle" shall not reduce or be a credit against the total bodily injury liability limits afforded an "insured" under Uninsured Motorists Coverage.

**D.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** of this policy.

However, this provision does not apply to you or any **family member** with respect to payments for the same elements of loss under this coverage and Part **B** of this policy.

**E.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**F.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer**.

## OTHER INSURANCE

If there is other applicable insurance similar to the insurance provided under this Part of the policy, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance similar to the insurance provided under this Part of the policy.

## ARBITRATION

**A.**    If we and an **insured** do not agree:

    **1.**    Whether that **insured** is legally entitled to recover damages; or

    **2.**    As to the amount of damages which are recoverable by that **insured**;

from the owner or operator of an **uninsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.**    Each party will:

    **1.**    Pay the expenses it incurs; and

    **2.**    Bear the expenses of the third arbitrator equally.

**C.**    Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two or the arbitrators will be binding. A decision agreed to by two of the arbitrators will be binding as to:

    **1.**    Whether the **insured** is legally entitled to recover damages; and

    **2.**    The amount of damages. This applies only if the amount does not exceed the **minimum limit** for bodily injury liability specified by the financial responsibility law of Oklahoma. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

**D.**    If agreement by arbitration is not reached within 3 months from the date of demand, the **insured** may bring an action against anyone responsible for the use of a vehicle involved in the accident.

## ADDITIONAL DUTIES

A person seeking Uninsured Motorists Coverage must also:

    **1.**    Give us written notification by certified mail of a tentative settlement between the **insured** and the insurer of the **uninsured motor vehicle** and allow us 60 days to advance payment to that **insured** equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **uninsured motor vehicle**.

    **2.**    Provide us with written:

        **a.**    documentation of economic losses, including copies of all medical bills; and

        **b.**    authorization or a court order for us to obtain reports from all employers and medical providers.

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

**A.**    We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto**, minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

    **1.**    Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

    **2.**    **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

B.   **"Collision"** means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

**"Comprehensive"** means loss, other than **collision**, to **your covered auto** or a **non-owned auto**. Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision**, you may elect to have it considered a loss caused by **collision**.

C.   1.   **"Non-owned auto"** means:

   a.   Any private passenger auto, pickup, van (other than cargo van) or **trailer** with a Gross Vehicle Weight rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 pounds or less, not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member**.

   b.   Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

      **(1)** breakdown;

      **(2)** repair;

      **(3)** servicing;

      **(4)** loss; or

      **(5)** destruction.

2.   **"Non-owned auto"** does not include any vehicle which has been operated or rented by or in the possession of you or any **family member** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle authorized by us.

D.   **"Camper body"** means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

E.   **"Diminution in value"** means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**DEDUCTIBLE**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part of the policy. However,

1.   If loss to more than one of **your covered autos** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply;

2.   In the event of a **collision** with another vehicle insured by:

   a.   a Safeco insurance company; or

   b.   another Liberty Mutual Agency Markets Corporation company;

   no deductible will apply.

   This does not include a vehicle described as **your covered auto** or **non-owned auto**.

3.   No deductible will apply to **your covered auto** or a **non-owned auto** if the loss to **your covered auto** or a **non-owned auto** results from the same event as a loss covered under your Safeco Homeowners, Condominium or Renters policy and we issue a payment under your Homeowners, Condominium or Renters policy for the loss.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

**TRANSPORTATION EXPENSES**

**A.**  Subject to the limitations described in paragraphs **B.** and **C.**, below, we will pay:

1.  Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto** or a **non-owned auto**. We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto. We will pay only expenses incurred during the period:

    a.  beginning 48 hours after the theft; and

    b.  ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

2.  Indirect loss expenses for which you become responsible in the event of a loss to a **non-owned auto**. We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours. We will pay for indirect loss expenses if the loss is caused by:

    a.  a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto**.

    b.  **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto**.

**B.**  For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible:

1.  Up to $20 per day, to a maximum of $600; or

2.  The limit for Loss of Use, if any, shown in the Declarations.

**C.**  Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace **your covered auto** or the **non-owned auto**.

**EXCLUSIONS**

We will not pay for:

1.  Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This includes but is not limited to any period of time while it is being used by any person who is logged into a **transportation network platform** as a driver, whether or not a passenger is **occupying** the vehicle. This exclusion **(1.)** does not apply to a share-the-expense car pool.

2.  Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business**.

3.  Damage or loss due and confined to:

    a.  wear and tear;

    b.  freezing;

    c.  mechanical or electrical breakdown or failure; or

    d.  road damage to tires.

    This exclusion **(3.)** does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

4.  Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

    With respect to water under Comprehensive Coverage, there is no coverage for:

    a.  moisture, condensation, humidity, or vapor;

    b.  water intrusion around or through panels, surfaces and seals; or

    c.  water that collects in spaces or ventilation systems; or

    d.  **fungi**, dry rot or bacteria;

    resulting from neglect.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

5. Loss due to or as a consequence of:

    a. discharge of any nuclear weapon (even if accidental);

    b. war (declared or undeclared);

    c. civil war;

    d. insurrection; or

    e. rebellion or revolution.

6. Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

    a. nuclear reaction;

    b. radiation; or

    c. radioactive contamination.

7. Loss to:

    a. any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

    b. This exclusion (**7.**) does not apply to:

        (1) equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

            (a) the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto**; or

            (b) the electronic equipment is:

                i. removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

                ii. designed to be solely operated by use of the power from the auto's electrical system; and

                iii. in or upon **your covered auto** or any **non-owned auto**;

                at the time of loss.

            (c) any equipment installed through our Teen Safe Driver™ program.

            However, we will pay only up to a total of $500 or the actual cash value of **your covered auto** or any **non-owned auto**, whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

        (2) any other electronic equipment that is:

            (a) necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

            (b) an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto**.

8. Loss to:

    a. tapes, records, discs, or other media used with such equipment described in exclusion (**7.**); or

    b. any other accessories, not permanently installed used with such equipment described in exclusion (**7.**).

9. Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member**:

    a. engaged in illegal activities; or

    b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

    This exclusion (**9.**) does not apply to the interests of Loss Payees in **your covered auto**.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

10. Loss to a **camper body**, motorhome or **trailer** you own which is not shown in the Declarations. This exclusion **(10.)** does not apply to a **camper body**, motorhome or **trailer** you:

   a. acquire during the policy period; and

   b. ask us to insure within 30 days after you become the owner.

11. Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

12. Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

13. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use on public highways. This includes road testing and delivery.

14. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion **(14.)** does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer**.

15. Loss to **your covered auto** or any **non-owned auto** while it is:

   a. operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

16. Loss to, or loss of use of, a **non-owned auto** rented by:

   a. you; or

   b. any **family member**;

   if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member**, pursuant to the provisions of any applicable rental agreement or state law.

17. Loss to **your covered auto** or any **non-owned auto**, arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi**, dry rot or bacteria.

18. Loss to **your covered auto**, **non-owned auto**, or **trailer**, for **diminution in value**.

19. Loss in excess of $500 per claim or the actual cash value of **your covered auto** or any **non-owned auto**, whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

   a. custom murals, paintings or other decals or graphics;

   b. custom wheels, tachometers, pressure and temperature gauges;

   c. modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

    **d.**  non-standard paint.

This exclusion does not apply to equipment installed to make a vehicle handicap accessible.

**20.** Loss arising out of the use of **your covered auto** while leased or rented to others.

**21.** Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you or a **family member**, or at the direction of you or a **family member**.

## LIMIT OF LIABILITY

**A.**  At our option, our limit of liability for loss will be the lowest of:

    **1.**  The actual cash value of the stolen or damaged property;

    **2.**  **a.**  The amount necessary to repair or replace the property;

        **b.**  Determination of the cost of repair or replacement will be based upon one of the following:

            **(1)**  the cost of repair or replacement agreed upon by you and us;

            **(2)**  a competitive bid approved by us; or

            **(3)**  an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

    **3.**  The limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto**, which is a **trailer**, is $1,500.

**B.**  An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

    **1.**  You; or

    **2.**  The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable taxes, license fees, and other fees incident to the transfer of evidence of ownership of the motor vehicle paid, at no cost to the **insured** other than any deductible provided in the policy.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

    **1.**  Any coverage provided by the owner of the **non-owned auto**;

    **2.**  Any other applicable physical damage insurance;

    **3.**  Any other source of recovery applicable to the loss.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

**APPRAISAL**

**A.** If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   **1.** Pay its chosen appraiser; and

   **2.** Bear the expenses of the appraisal and umpire equally.

**B.** We do not waive any of our rights under this policy by agreeing to an appraisal.

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

   **1.** Cooperate with us in the investigation, settlement or defense of any claim or suit.

   **2.** Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

   **3.** Submit, as often as we reasonably require:

      **a.** to physical examinations by physicians we select. We will pay for these exams.

      **b.** to examination under oath and subscribe the same. We may examine any **Insured** separately and apart from the presence of any other **Insured**.

   **4.** Authorize us to obtain:

      **a.** medical reports; and

      **b.** other pertinent records.

   **5.** Submit a proof of loss, under oath if requested, when required by us.

**C.** A person seeking Uninsured Motorists Coverage must also:

   **1.** Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.

   **2.** Promptly send us copies of the legal papers if a suit is brought.

**D.** A person seeking Coverage for Damage to Your Auto must also:

   **1.** Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

   **2.** Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

   **3.** Permit us to inspect and appraise the damaged property before its repair or disposal.

## PART F — GENERAL PROVISIONS

**POLICY PERIOD AND TERRITORY**

**A.** This policy applies only to accidents and losses which occur:

   **1.** During the policy period as shown in the Declarations; and

   **2.** Within the policy territory.

SA-2890/OKEP 11/16          - 18 -

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

**B.**   The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.**   The policy territory is:

**1.**   The United States of America, its territories or possessions;

**2.**   Puerto Rico; or

**3.**   Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

## CHANGES

**A.**   This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**B.**   The premium for your policy is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes, we will adjust your premium during the policy term or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that will result in a premium increase or decrease during the policy term include, but are not limited to, changes in:

**1.**   The number, type or use classification of insured vehicles.

**2.**   Operators using insured vehicles including newly licensed **family member** drivers and any household members that have licenses.

**3.**   The location where your vehicle is principally garaged.

**4.**   Customized equipment or parts.

You also agree to disclose all licensed drivers residing in your household.

**C.**   If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph **(C.)** does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

**1.**   A subsequent edition of your policy; or

**2.**   An Amendatory Endorsement.

**D.**   Additional or return premium of $3.00 or less resulting from policy changes will be waived.

## PAYMENT OF PREMIUM

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

## FRAUD

This policy was issued in reliance upon the information provided on your application. We may void this policy if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made or any time during the policy period.

We may void this policy or deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

    **1.** We agree in writing that the **insured** has a legal obligation to pay damages; or

    **2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured**.

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

    **1.** Do whatever is necessary to enable us to exercise our rights; and

    **2.** Do nothing after loss to prejudice them.

However, our rights in this paragraph (**A.**) do not apply under Part **D**, against any person using **your covered auto** with your express or implied permission or other person having lawful possession and is not using a vehicle beyond the scope of the permission granted.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

    **1.** Hold in trust for us the proceeds of the recovery; and

    **2.** Reimburse us to the extent of our payment.

**C.**   **1.** Our rights do not apply under paragraph **A.** with respect to Uninsured Motorists Coverage if:

        **a.** we have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **uninsured motor vehicle**; and

        **b.** we fail to advance payment to the **insured** in an amount equal to the tentative settlement within 60 days after receipt of notification.

    **2.** If we advance payment to the **insured** in an amount equal to the tentative settlement within 60 days after receipt of notification:

        **a.** that payment will be separate from any amount the **insured** is entitled to recover under the provisions of Uninsured Motorists Coverage; and

        **b.** we also have a right to recover the advanced payment.

**C.** This provision does not apply to payments made to you or any **family member** under Part **B**.

## TERMINATION

**A.** **Cancellation.** This policy may be canceled during the policy period as follows:

    **1.** The named insured shown in the Declarations may cancel by:

        **a.** returning this policy to us; or

        **b.** giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

    **2.** We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

        **a.** at least 10 days notice:

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

      **(1)**  if cancellation is for nonpayment of premium; or

      **(2)**  if notice is mailed during the first 45 days this policy is in effect and this is not a renewal policy; or

    **b.**  at least 20 days notice in all other cases.

  **3.**  After this policy is in effect for 45 days, or if this is a renewal policy, we cancel only:

    **a.**  for nonpayment of premium; or

    **b.**  for fraud or material misrepresentation concerning the policy or **insureds**; or

    **c.**  if your driver's license or that of:

      **(1)**  any driver who lives with you; or

      **(2)**  any driver who customarily uses **your covered auto**;

      has been suspended or revoked during the policy period.

**B.**  **Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

**C.**  **Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

Coverage for **your covered auto** shall automatically terminate on the effective date of any other motor vehicle insurance policy covering that vehicle.

**D.**  **Other Termination Provisions.**

  **1.**  If the law in effect in your state at the time this policy is issued or renewed:

    **a.**  requires a longer notice period;

    **b.**  requires a special form of or procedure for giving notice; or

    **c.**  modifies any of the stated termination reasons;

    we will comply with those requirements.

  **2.**  We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

  **3.**  If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed on pro rata basis. However, making or offering to make the refund is not a condition of cancellation.

  **4.**  The effective date of cancellation stated in the notice shall become the end of the policy period.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

**A.**  Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

  **1.**  The surviving spouse, civil partner or **domestic partner** if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or **domestic partner** as if a named insured shown in the Declarations; and

  **2.**  The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto**.

**B.**  Coverage will only be provided until the end of the policy period.

## TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

  **1.**  This provision does not apply to Uninsured Motorists Coverage.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

2. With respect to coverage provided under Section **2.** of the definition of **uninsured motor vehicle** any payment made by or on behalf of the owner or operator of the **uninsured motor vehicle** shall not reduce or be a credit against the total bodily injury liability limits afforded an **insured** under Uninsured Motorist Coverage.

3. No one will be entitled to receive duplicate payments for the same elements of loss under Uninsured Motorist Coverage.

## LOSS PAYABLE CLAUSE

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of any **insured**, or where the loss is otherwise not covered under the terms of the policy, the loss payee or lienholder's interest will not be protected.

## STORAGE COSTS

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

## NAMED DRIVER EXCLUSION

If there is an excluded driver under this policy, then we will not provide coverage for any claim arising from an accident or loss involving a motor vehicle being operated by that excluded person, to the extent that the liability limits under this policy exceed the minimum limits of liability required by the Compulsory Insurance Law of Oklahoma. This includes any claim for damages made against you or any **family member** or any other person or organization that is vicariously liable for an accident arising out of the operation of a motor vehicle by the excluded driver.

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

### ROADSIDE ASSISTANCE COVERAGE CALL 1-877-ROAD101 (1-877-762-3101)

**"Your covered auto"** as used in this endorsement means a private passenger vehicle, motorhome or **trailer** owned by you and for which a specific premium is shown on the Declarations for this coverage.

The following coverages apply to each vehicle for which this coverage is shown on the Policy Declarations:

1. Each time **your covered auto** or any **non-owned auto** is disabled due to mechanical or electrical breakdown we will pay reasonable and necessary expenses for the use of an **authorized service provider** to tow or flatbed **your covered auto** or **non-owned auto** up to 15 miles or to the nearest qualified place where necessary repairs can be made during regular **business** hours.

2. Each time **your covered auto** or any **non-owned auto** is disabled requiring:

   a. towing to dislodge the vehicle from its place of disablement within 100 feet of a public street or highway; or

   b. labor, including change of tire, at the place of its breakdown; or

   c. delivery of fuel, oil, water or other fluids (we do not pay the costs of these items); or

   d. key lock-out services;

   we will cover up to one (1) hour of labor for the use of an **authorized service provider** for service at the place of disablement.

3. For policies with a 6 month policy term, coverage is limited to no more than two occurrences per vehicle plus an additional two occurrences per policy in a 6 month policy period for both coverages **1.** and **2.** above.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

4.   For policies with an annual policy term, coverage is limited to no more than four occurrences per vehicle plus an additional four occurrences per policy in a 12 month policy period for both coverages **1.** and **2.** above.

**Authorized service provider** means a service provider contracted by us providing, at no charge to you, roadside assistance as described and limited above.

When service is provided by other than an **authorized service provider**, we will reimburse you only for reasonable charges as determined by us.

No deductible applies to this coverage.

## LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

1.   The vehicle is withdrawn from use for more than 24 hours;

2.   The loss is caused by **collision**, or is covered by the Comprehensive Coverage of this policy; and

3.   The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

## FULL SAFETY GLASS COVERAGE

We will pay under Comprehensive Coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

1.   The Declarations indicates that Comprehensive Coverage applies; and

2.   A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto**.

**"Safety equipment"**, as used in this coverage means the:

1.   Glass used in the windshield, doors and windows of **your covered auto**; and

2.   Glass, plastic or other material used in the lights of **your covered auto**.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

## AMENDATORY ENDORSEMENT — TRAILERS AND MOTORHOMES

With respect to **trailers** and **motorhomes** as defined below the policy is amended as follows:

**DEFINITIONS**

The following definitions are added:

**"Motorhome"** means a self-propelled mobile home (including a pickup or van with permanently attached living quarters) not used in your occupation, profession or **business**.

**"Non-owned motorhome or trailer"** means any **motorhome** or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member** for no more than 30 consecutive days.

**"Personal Effects"** means personal property owned by you or a **family member**, other than:

1. Property or items used for **business**, carried or held as samples or for sale or delivery after sale by you, a **family member**, or employee;

2. Deeds, documents, records, bills, money or currency, prepaid cards or passes, monetary value carried on an electronic chip or magnetic cards, securities, debit cards, checks, cashier checks, travelers checks, money orders, notes, negotiable instruments, securities, or other evidence of debt;

3. Property rented to or held for rental to others by you or a **family member**;

4. Property located within the **insured's** permanent or primary residence unless RV Full Timers Coverages applies to the policy and the property is located in the **insured's** RV;

5. Animals, birds or fish of any kind;

6. Items covered under **Tapes, Records, Disks and Other Media Coverage**;

7. Watercraft, golf-carts or other self-propelled vehicles, except electric wheel chairs and other self-propelled vehicles designed to assist the mobility of a person.

**"Pollutant"** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

The definition of **"trailer"** is replaced by the following:

**"Trailer"** means:

1. Any non-motorized vehicle designed for:

   a. recreational or camping use; or

   b. the transportation of horses or other utility items for personal use; or

2. Any **camper body**;

which is designed to be towed on public roads by a land motor vehicle.

**"Trailer"** also includes permanently attached equipment such as cooking and/or sleeping facilities.

The definition of **"your covered auto"** is replaced by the following:

**"Your covered auto"** means:

Any **motorhome** or **trailer** you own shown in the Declarations.

1. a. Any newly acquired **motorhome** or **trailer** on the date you become the owner, subject to conditions for Newly Acquired Replacement Vehicle and Newly Acquired Additional Vehicle under **1.b.** below.

   b. A newly acquired vehicle is subject to the following conditions:

   (1) **Newly Acquired Replacement Vehicle.** If the **motorhome** or **trailer** you acquire replaces one shown in the Declarations, subject to the provisions of the Settlement Options under this endorsement, the replacement **motorhome** or **trailer** will have the same coverage as the **motorhome** or **trailer** it replaced, other than Part D — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement **motorhome** or **trailer**.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

Part D — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the **motorhome** or **trailer**, including the date of acquisition, only to the extent Part D — Coverage for Damage to Your Auto applied to the **motorhome** or **trailer** being replaced. You must notify us within thirty (30) days after you acquire the replacement **motorhome** or **trailer** for Part D — Coverage for Damage to Your Auto to continue.

**(2)   Newly Acquired Additional Vehicle.** For any newly acquired **motorhome** or **trailer** that is in addition to any shown in the Declarations, coverage shall apply for the first thirty (30) days after you acquire the **motorhome** or **trailer**, including the date of acquisition. Subject to the provisions of the Settlement Options under this endorsement, coverage for the newly acquired additional vehicle shall be the broadest coverage we provide for any **motorhome** or **trailer** shown in the Declarations.

This coverage applies only if:

**(a)**   you acquire the additional **motorhome** or **trailer** during the policy period shown on the Declarations; and

**(b)**   there is no other insurance policy that provides coverage for the additional **motorhome** or **trailer**.

If you wish to add or continue coverage you must ask us to insure the additional **motorhome** or **trailer** within thirty (30) days after you acquire the additional **motorhome** or **trailer**. These thirty (30) days of coverage includes the day you acquire the **motorhome** or **trailer**.

**(3)**   Collision Coverage for a newly acquired **motorhome** or **trailer** begins on the date that you acquire the **motorhome** or **trailer**. However, if the Declarations does not indicate that Collision Coverage applies to at least one **motorhome** or **trailer**, you must ask us to insure the newly acquired **motorhome** or **trailer** within four (4) days after you acquire it. If a loss occurs during the four (4) days after you acquire the **motorhome** or **trailer** but before you asked us to insure the newly acquired **motorhome** or **trailer**, a $500 collision deductible will apply.

**(4)**   Comprehensive Coverage for a newly acquired **motorhome** or **trailer** begins on the date that you acquire the **motorhome** or **trailer**. However, if the Declarations does not indicate that Comprehensive Coverage applies to at least one **motorhome** or **trailer**, you must ask us to insure the newly acquired **motorhome** or **trailer** within four (4) days after you acquire it. If a loss occurs during the four (4) days after you acquire the **motorhome** or **trailer** but before you asked us to insure the newly acquired **motorhome** or **trailer**, a $500 comprehensive deductible will apply.

## PART A — LIABILITY COVERAGE

Exclusion **A.8.** is replaced by the following:

**8.**   Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusions **A.6.** or **A.7.** This exclusion (**A.8**) does not apply to the maintenance or use of a **motorhome** or **trailer** you own.

The following Exclusion is added:

**15.   Bodily injury** or **property damage** arising out of the ownership, maintenance, or use of a **motorhome** or **trailer** while it is parked and:

**a.**   being used as a residence or premises unless RV Vacation Liability applies to the policy;

**b.**   being used for commercial or **business** purposes;

**c.**   being used as a premises for office, store, or display purposes; or

**d.**   stabilizing jacks are in use unless RV Vacation Liability applies to the policy.

Types of use "as a residence or premises" to which this exclusion applies include, but are not limited to, use of a **motorhome** or **trailer** for entertainment purposes, for camping purposes, as a living facility, or as a sleeping facility;

## Part B — MEDICAL PAYMENTS COVERAGE

### Insuring Agreement

**B.3.** under the definition of **"Insured"** does not apply.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

**Exclusions**

Exclusion **9.** is replaced by the following:

**9.** Sustained while **occupying** a vehicle when it is being used in the **business** of the an **insured**. This exclusion (**9.**) does not apply to **bodily injury** sustained while **occupying** a motorhome or **trailer** you own.

The following Exclusion is added:

**14.** Sustained while **occupying** any **motorhome** or **trailer** while it is parked and:

    **a.** being used as a residence or premises;

    **b.** being used for commercial or **business** purposes;

    **c.** being used as a premises for office, store, or display purposes; or

    **d.** stabilizing jacks are in use.

    Types of use "as a residence or premises" to which this exclusion applies include, but are not limited to, use of a **motorhome** or **trailer** for entertainment purposes, for camping purposes, as a living facility, or as a sleeping facility.

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

The first paragraph under **A.** is replaced by the following:

**A.** We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto** including its equipment, any awnings and any other permanently attached equipment, minus any applicable deductible shown in the Declarations.

    We will pay for loss to **your covered auto** caused by:

    **1.** Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that vehicle.

    **2.** **Collision** only if the Declarations indicate that Collision Coverage is provided for that vehicle.

    If there is a loss to a **non-owned auto**, we will provide up to the actual cash value minus the lowest deductible applicable to any **motorhome** or **trailer** shown in the Declarations.

The definition of **"non-owned auto"** is replaced by the following:

**C.** **1.** **"Non-owned auto"** means:

    **a.** Any **motorhome** or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member**.

    **b.** Any vehicle you do not own while used as a temporary substitute for **your covered auto** which is out of normal use while away from your residence premises because of its:

        **(1)** breakdown;    **(4)** loss; or

        **(2)** repair;      **(5)** destruction.

        **(3)** servicing;

  **2.** **"Non-owned auto"** does not include any vehicle which has been operated or rented by or in the possession of you or any **family member** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle authorized by us.

### TRANSPORTATION EXPENSES

This provision does not apply to **trailers**.

### EXCLUSIONS

Exclusions **3.** and **4.** are replaced with the following:

  **3.** Damage or loss due and confined to:

    **a.** wear and tear;

    **b.** freezing;

    **c.** mechanical or electrical breakdown or failure; or

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

    **d.**    prior loss or damage to the inception of this policy;

    **e.**    manufacturing defects;

    **f.**    improper or lack of routine maintenance, or failure to perform maintenance as prescribed by the manufacturer;

    **g.**    contamination, **pollutants**, odors, sewage, or waste;

    **h.**    gradual accumulation of snow or ice on **your covered auto** or **non-owned auto**;

    **i.**    road damage to tires; or

    **j.**    scorching, marring, scratching, or breakage of internal equipment or furnishings regardless if they are permanently installed. However, this exclusion does not apply if damage is caused by:

        **(1)**    malicious mischief,

        **(2)**    vandalism,

        **(3)**    riot,

        **(4)**    civil commotion,

        **(5)**    fire or lightning, or

        **(6)**    breakage of glass which is permanently a part of or attached to **your covered auto**.

**4.**    Damage or loss caused directly or indirectly by any of the following:

    **a.**    water leakage or seepage unless caused by any other covered loss under Part D — Coverage for Damage to Your Auto;

    **b.**    deterioration;

    **c.**    rust or corrosion;

    **d.**    moisture, condensation, humidity, or vapor;

    **e.**    water intrusion around, through panels, surfaces and seals; or

    **f.**    water that collects in spaces or ventilation systems; or

    **g.**    **fungi**, wet or dry rot or bacteria.

    **h.**    dampness of atmosphere or extremes of temperature; or

    **i.**    neglect to protect **your covered auto or non-owned auto** from further damage or the failure to adequately maintain **your covered auto.**

This exclusion does not apply to sudden and immediate damage caused by the failure or breakage of:

    **a.**    a hot water heater,

    **b.**    fresh or wastewater plumbing system,

    **c.**    dishwasher,

    **d.**    refrigerator,

    **e.**    washing machine, or

    **f.**    similar appliance.

Exclusion **10.** does not apply.

Exclusion **14.** is replaced by the following:

**14.**    Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion **(14.)** does not apply to the maintenance or use by you or any **family member** or a **non-owned auto** which is a **motorhome** or **trailer** you own.

The following Exclusion is added:

    We will not pay for loss or damage caused by insects, birds or other animals, including rodents and other types of vermin, while **your covered auto** is unoccupied for more than two weeks.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

**LIMIT OF LIABILITY**

The following provision is added:

**SETTLEMENT OPTIONS**

**A.  Agreed Value**

If the Declarations shows:

1.  That you have paid a premium for Agreed Value, and

2.  We determine that **your covered auto** is a total loss,

the Limit of Liability is replaced by the following:

We will pay the agreed value of **your covered auto** shown on the Declarations less:

1.  Any applicable deductible, and

2.  Salvage value if you or the owner elect to retain the salvage.

This Agreed Value provision does not apply if photos of **your covered auto** are not on file with us or your agent or provided upon request during the claims process.

**B.  Replacement Cost**

If the Declarations shows that:

1.  You have paid a premium for Replacement Cost, and

2.  **Your covered auto** is less than or equal to 10 model years old, and

3.  We determine that **your covered auto** is a total loss,

the Limit of Liability is replaced by the following:

We will pay the cost new of a replacement vehicle, as determined by us if:

1.  You are the original owner and **your covered auto** has not previously been titled or recorded to any person or entity, other than the manufacturer or dealer; and

2.  To the extent possible, the replacement vehicle is the same make, model, class, size, body type, and equipment to **your covered auto**.

In the event of a total loss to **your covered auto**, our limit of liability shall be no more than 120% of the original purchase price. A total loss results when the cost to replace **your covered auto** exceeds your original purchase price.

If you choose to replace **your covered auto**, you must notify us within 14 days of the date **your covered auto** is declared a total loss. We will then identify and offer to you a vehicle to replace **your covered auto**. The vehicle we offer to you will:

1.  Be of any model year, as determined by us, but no older than the model year of **your covered auto** being replaced;

2.  Not have previously had a title issued or recorded to any person or entity, other than a dealer or manufacturer; and

3.  Be, to the extent possible, the same make, class, size, and type as **your covered auto** including reasonably similar equipment.

This Replacement Cost provision does not apply if value documentation for **your covered auto** is not on file with us or your agent or provided upon request during the claims process.

**C.**  In case of loss to awnings or permanently attached equipment, we will pay the replacement cost at the time of loss of a new awning or permanently attached equipment identical to the one damaged, destroyed or stolen. When the identical awning or permanently attached equipment is no longer manufactured or is not available, we will pay the cost of a new article similar to the one damaged or destroyed and which is of comparable quality and usefulness, without deduction for depreciation.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

The following **Additional Coverages** are added:

**RV VACATION LIABILITY COVERAGE**

**Part A — Liability Coverage** under the policy is amended as follows:

**INSURING AGREEMENT**

The following is added:

If the Declarations shows that you paid a premium for RV Vacation Liability Coverage, we will pay up to the limits shown in the Declarations for damages for **bodily injury** or **property damage** that you or any **family member** become legally responsible because of an accident or **occurrence** that arises while using **your covered auto** as a **temporary residence**.

**DEFINITIONS**

The following definitions are added:

"**Aircraft**" means any device used for:

1. flight,

2. parachuting,

3. gliding or

4. soaring.

However, "**aircraft**" does not include hobby devices that are not capable of carrying or transporting people or cargo.

"**Dead Storage**" means placing a:

1. Vehicle,

2. Item, or

3. Object that is inoperable or functioning,

in a location where it is beyond everyday use or handling.

"**Occurrence**" means an unexpected and unintended event which results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

"**Temporary Residence**" means **your covered auto** when used as a stationary residence or premises that is away from, and not used as, your primary or permanent residence. A "**temporary residence**" includes:

1. A parcel of real property that is owned by you or reserved for you or **family member's** exclusive use, and

2. **Occupied** by **your covered auto**.

"**Personal Watercraft**" means jet skis, wet bikes or other craft, using a water jet pump powered by an internal combustion engine as the primary source of propulsion.

The **Exclusions** are replaced by the following:

**EXCLUSIONS**

A. We do not provide any RV Vacation Liability Coverage for:

1. **Bodily injury** or **property damage**:

    a. arising out of rendering of any professional services, or

    b. the omission of such service by any **insured**.

2. **Bodily injury** or **property damage** arising out of, or occurring at, any premises:

    a. owned or rented by you or a **family member**;

    b. rented to others by you or a **family member**;

    that is not a **temporary residence**.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

3.  **Bodily injury** or **property damage** for which you or any **family member**:

    a.  is insured under a nuclear energy liability policy; or

    b.  would be insured under a nuclear energy policy but for its termination upon exhaustion of its limit of liability.

4.  **Bodily injury** or **property damage** arising out of or within the course of employment or **business** pursuits by you or a **family member**.

5.  **Bodily injury** to any employee of you or any **family member** during the course of employment. This exclusion does not apply to **bodily injury** to a domestic employee if workers' compensation benefits are required or available for that domestic employee.

6.  **Property damage** to any property owned by, rented to, transported by, used by, or in the care of you or a **family member**.

7.  **Bodily injury** or **property damage** caused by an intentional act by you or a **family member**, or at the direction of you or a **family member**, even if such **bodily injury** or **property damage** is:

    a.  of a different kind or degree than expected or intended, or

    b.  such **bodily injury** or **property damage** is sustained by a different person or persons than expected or intended.

    This exclusion does not apply to you or a **family member** when using reasonable force to protect persons or property.

8.  Any liability assumed under any contract or agreement by you or a **family member**.

9.  **Bodily injury** or **property damage** that arises out of the transmission of a communicable disease, by you or a **family member** whether the disease was known or unknown to you or any **family member** at the time of the transmission.

10. **Bodily injury** or **property damage** arising, in whole or in part, out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, escape, emission, transmission, absorption, ingestion or inhalation of **pollutants** or contaminants at any time. This includes any loss, cost or expense arising out of any:

    a.  request, demand or order that any **insured** or others test for, monitor, abate, clean up, remove, contain, treat, detoxify, neutralize, or in any way respond to, or assess, the effects of **pollutants** or contaminants;

    b.  claim or suit on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, or in any way responding to, or assessing, the effects of **pollutants** or contaminants.

    This exclusion does not apply to **bodily injury** sustained within a **motorhome** or **trailer** and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

11. **Bodily injury** or **property damage** arising out of sexual abuse, sexual harassment, corporal punishment, or physical or mental abuse.

12. **Bodily injury** or **property damage** arising out of a criminal act or omission committed by you or any **family member** or with the knowledge or consent of you or any **family member**, except those violations of a motor vehicle law. This exclusion applies regardless of whether you or any **family member** are actually charged with, or convicted of, a crime.

13. **Bodily injury** or **property damage** arising out of the use of **your covered auto** while used on public roads.

14. **Bodily injury** to you or a **family member**.

15. **Bodily injury** or **property damage** arising out of actual, alleged, or threatened migration, release, existence, or presence of **fungi**.

16. **Punitive or exemplary damages** unless specifically covered in the policy.

B.  We do not provide any RV Vacation Liability Coverage arising out of the ownership, maintenance, use, control, entrustment, supervision, loading or unloading of:

    1.  Any **aircraft**;

2. Any motor vehicle rented or loaned to you or a **family member**; or

3. Any watercraft or hovercraft owned by or rented by you or a **family member** which:

    a. is powered by a motor of more than 50 horsepower;

    b. is a sailing vessel more than 25 feet in length; or

    c. a personal watercraft.

This exclusion does not apply while the watercraft, hovercraft, or **personal watercraft** are in **dead storage**.

### LIMITS OF LIABILITY

The Limit of Liability is replaced by the following:

The limit of liability shown in the Declarations for RV Vacation Liability Coverage is our maximum limit of liability in any one accident or **occurrence**. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in an accident or **occurrence**.

No one will be entitled to duplicate payments for the same elements of loss, including payments made under Part A, Part B or Part C of the policy.

---

### RV PERSONAL PROPERTY REPLACEMENT COST COVERAGE

### PART D — COVERAGE FOR DAMAGE TO YOUR AUTO is amended as follows:

### INSURING AGREEMENT

The following is added:

If the Declarations shows that you paid a premium for RV Personal Property Replacement Cost Coverage, we will pay for a **covered loss** to **personal effects** owned by you and **personal effects** not owned by you or any **family member** that occurs while the items are located:

1. Inside **your covered auto**; or

2. On the parcel of real property that is:

    a. owned by you or reserved for you or a **family member's** exclusive use; and

    b. occupied by **your covered auto**.

The following definition is added:

**"Covered Loss"** means a loss covered under Comprehensive and/or Collision Coverage and includes theft of **personal effects** or **personal effects** not owned by you or any **family member** from inside **your covered auto**. Loss by theft of **personal effects** must be reported to the police or other civil authority within 24 hours or as soon possible after the loss.

### EXCLUSIONS

The following Exclusions are added:

We will not pay for loss:

1. Caused by insects, birds, rodents, vermin, or other animals, while **your covered auto** or **non-owned vehicle**, when it has been unoccupied for more than two weeks;

2. Due and confined to scorching, marring, scratching or breakage that is not a result of a **covered loss**.

3. Due to theft of any of the following items when not in **your covered auto** or **non-owned trailer**:

    a. travel tickets or passports;

    b. collections or collection supplies of any kind;

    c. cameras and equipment used with the camera;

    d.   jewelry, art, heirlooms, antiques, furs, fine china and crystal;

    e.   personal computers, phones, or other data or voice transmitting devices;

    f.   any sound or photo reproduction equipment;

    g.   any dining ware or food preparation items;

4.   Resulting from any **business** or commercial activities;

5.   Due and confined to:

    a.   loss or damage to the inception of this policy;

    b.   manufacturing defects;

    c.   contamination, **pollutants**, odors, sewage, or waste;

    d.   gradual accumulation of snow or ice;

6.   Caused directly or indirectly by any of the following:

    a.   water leakage or seepage unless caused by another **covered loss** under RV Personal Property Replacement Cost Coverage;

    b.   deterioration;

    c.   rust or corrosion;

    d.   moisture, condensation, humidity, or vapor;

    e.   water intrusion around, through panels, surfaces and seals; or

    f.   water that collects in spaces or ventilation systems; or

    g.   **fungi**, wet or dry rot or bacteria; or

    h.   wet or dry rot; or

    i.   dampness of atmosphere or extremes of temperature; or

    j.   neglect to protect **your covered auto or non-owned auto** from further damage or the failure to adequately maintain **your covered auto.**

This exclusion (6.) does not apply to sudden and immediate damage caused by the failure or breakage of:

    a.   a hot water heater,

    b.   fresh or wastewater plumbing system,

    c.   dishwasher,

    d.   refrigerator,

    e.   washing machine, or

    f.   similar appliance.

7.   Caused directly or indirectly:

    a.   by accidental or intentional discharge, dispersal or release of radioactive, nuclear or pathogenic, or poisonous biological material; or

    b.   by any intentional discharge, dispersal or release of chemical or hazardous material for any purpose other than its safe and intended purpose.

## LIMITS OF LIABILITY

A.   **Covered losses** for **personal effects** owned by you are subject to a $100 deductible. For **personal effects** not owned by you or any **family member**, a $250 deductible applies. If you incur a deductible under Part D — Coverage For Damage to Your Auto in the same loss, the deductible under this coverage will be waived.

B.   The most we will pay for a **covered loss** will be the lowest of the following:

    1.   The amount shown on the Declarations for RV Personal Property Replacement Cost Coverage;

    2.   The cost to repair the item or items;

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

3.  The cost to replace the item or items;

4.  $1,000 per item; or

5.  The applicable group limit set forth below.

However, the most we will pay for **personal effects** not owned by you or any **family member** is $5,000.

C.  Subject to the limit of liability shown in the Declarations for RV Personal Property Replacement Cost Coverage, the most we will pay for a **covered loss** to any of the following group of **personal effects** shall be $2,500 for any:

1.  Travel tickets or passports;

2.  Collections or collection supplies of any kind;

3.  Cameras and equipment used with the camera;

4.  Jewelry, art, heirlooms, antiques, furs, fine china and crystal;

5.  Personal computers, phones, or other data or voice transmitting devices;

6.  Sound or photo reproduction equipment; or

7.  Dining ware or food preparation items.

D.  Duplicate recovery for the same damages is not permitted.

E.  The most we will pay for a **covered loss** occurring on the parcel of real property that is:

1.  Owned by you or reserved for you or a **family member's** exclusive use; and

2.  Occupied by **your covered auto**.

will be the lowest of the following:

1.  25% of the amount shown on the Declarations for RV Personal Property Replacement Cost Coverage; or

2.  $500 per item.

**OTHER INSURANCE**

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, coverage provided under RV Personal Property Replacement Cost Coverage will be:

1.  Primary over any coverage provided by this policy or any homeowners, tenants, renters, condominium, unit owners, cooperative, recreational vehicle, or other insurance; and

2.  Excess over any other collectible source of recovery.

**RV MEXICO PHYSICAL DAMAGE COVERAGE**

If Comprehensive Coverage and Collision Coverage apply to **your covered auto**, and the Declarations shows that you have purchased RV Mexico Physical Damage Coverage, the policy territory described in the General Provisions of this policy is extended for Comprehensive Coverage and Collision Coverage to include a loss to **your covered auto** that occurs in Mexico or while **your covered auto** is being transported between Mexican locations, subject to the following conditions and restrictions:

1.  This coverage does not apply if liability insurance from a licensed Mexico insurance company is not in force at the time of loss;

2.  If your covered auto cannot be driven as a result of a covered loss that occurs in Mexico, we will pay the lesser of the following.

    a)  The cost of necessary towing to return **your covered auto** to the nearest point in the United States where repairs can be made;

    b)  The cost for those repairs that must be performed in Mexico in order to return **your covered auto** to the United States;

    We will not pay more than the reasonable cost for such repairs usually charged at the nearest point of entry in the United States where repairs could have been made.

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

3.  The deductibles for Comprehensive Coverage and Collision Coverage shown on the Declarations shall apply.

### <<< Mexico Coverage Warning >>>

Motor vehicle accidents in Mexico are subject to the laws of Mexico, not the laws of the United States of America. Under Mexico law, a motor vehicle accident is considered a criminal offense as well as a civil offense. The Mexico physical damage insurance under this policy does not meet the Mexico motor vehicle insurance requirements. You are required to purchase liability insurance coverage from a licensed Mexico insurance company for RV Mexico Physical Damage Coverage under this policy to apply.

**** REPRINTED FROM THE ARCHIVE.  THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

## AUTO LOAN/LEASE COVERAGE

With respect to this coverage, the provisions of the policy apply unless modified below.

**Auto Loan/Lease Coverage**

In the event of a total loss to a vehicle shown in the Declarations for which a specific premium charge indicates that Auto Loan/Lease Coverage applies, we will pay any unpaid amount due on the lease or loan for your covered auto less:

    1. The amount paid under Part D of the policy; and

2. Any:

    a. overdue loan/lease payments at the time of loss;

    b. financial penalties imposed under a lease for excessive use, abnormal wear and tear or high mileage;

    c. security deposits not refunded by a lessor;

    d. cost for extended warranties, Credit Life Insurance, Health, Accident or Disability Insurance purchased with the loan or lease; or

    e. carry-over balances from previous loans or leases.

SA-1914/EP  2/93
Q1

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

This policy has been signed by our President and Secretary.

James MacPhee
President

Mark C. Touhey
Vice President and Secretary

This policy includes copyrighted material of Insurance Services Office, Inc. with its permission.

SA-1701/EP 9/90
G19