IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON DODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-00701-JD |
| | ) |
| SAFECO INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's Motion to File Documents Under Seal ("Motion"). [Doc. No. 150]. Plaintiff seeks to file under seal confidential exhibit (Exhibit 3) to his response to Defendant's motion for summary judgment filed September 2, 2025. *See* [Doc. No. 149].

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Parties may not unilaterally restrict public access to documents filed in the courts by deeming an agreement "confidential" or marking a document "confidential" and therefore subject to a protective order. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241–42 (10th Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

However, "the presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citations omitted). A movant must establish that the interest in restricting the public's access to specific information in their case "outweighs the public interest in access, particularly . . .

[where] the parties themselves placed these [documents] at the center of th[e] controversy. . . ." *Colony*, 698 F.3d at 1241 (denying motions to file parts of briefs and appendices under seal where basis of motions was confidentiality provisions in settlement agreement).

    The Court GRANTS the Motion. Plaintiff Jason Dodd may file a copy of exhibit 3 to his response to Defendant's motion for summary judgment under seal, consistent with the Western District of Oklahoma's General Order 25-5 and this *Court's Guidelines for Protective Orders on Confidentiality, Sealing Documents, and Redactions in Civil Cases*. This Order may be revisited, modified, or vacated at any time until the conclusion of this litigation.

    IT IS SO ORDERED this 3rd day of September 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE